| | | |
|---|---|---|
| DIANA MILETICH, | ) | **United States District Court** |
| | ) | **Northern District of Illinois** |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Case Number: 16-cv-4858** |
| | ) | |
| TIMOTHY JAMES, M.D. | ) | |
| | ) | |
| Defendant | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, DIANA MILETICH, by and through her attorneys in this action, PATRICK F. BRADLEY, LTD., and for her Complaint against the Defendant, TIMOTHY JAMES, M.D., states as follows:

1. Plaintiff, DIANA MILETICH, is a citizen of the State of Tennessee with her place of residence located at 534 Bay Point Drive, Gallatin, Tennessee 37066.

2. Defendant, TIMOTHY JAMES, M.D. (hereinafter referred to as DR. JAMES) is a physician licensed to practice medicine in the State of Illinois and specializing in the field of cardiothoracic surgery. DR. JAMES holds himself out as a cardiothoracic surgeon skilled and experienced in the performance of coronary artery by-pass grafting (hereinafter referred to as "CABG").

3. Jurisdiction is proper in this Court pursuant to 28 USCS §1332(a) due to complete diversity of citizenship between the parties to this action and the amount in controversy exceeding $75,000. Venue is proper in this Court as all of the alleged acts and/or omissions of the Defendant substantially occurred within the Northern District of Illinois.

4. On November 20, 2013, Plaintiff presented to Central DuPage Hospital with cardiac complaints. She was diagnosed with unstable angina in the emergency department. On that date, Plaintiff's coronary angiogram revealed a high-grade lesion (thrombotic) of 99% severity in the proximal left anterior descending artery (hereinafter referred to as "LAD"). Also on that date, Plaintiff underwent a drug-eluting stent placement procedure to the proximal LAD.

5. On April 16, 2014, Plaintiff again presented to the emergency department of Central DuPage Hospital with anginal pain. It was determined that she had re-stenosis (in-stent) of the LAD. Plaintiff then underwent a balloon procedure to open the LAD on this date.

6. On June 6, 2014, Plaintiff again presented to the emergency department of Central DuPage Hospital complaining of left-sided chest discomfort. Cardiac catheterization revealed re-stenosis, specifically, 95% of the proximal LAD. It was then determined that Plaintiff should undergo a coronary artery by-pass procedure ("CABG").

7. On June 13, 2014, single vessel by-pass surgery was performed upon Plaintiff by Defendant, DR. JAMES. This procedure necessitates and requires proper anastomotic connection of the left internal mammary artery (hereinafter referred to as "LIMA") to the left anterior descending artery ("LAD").

8. Following the procedure of June 13, 2014, performed by DR. JAMES, Plaintiff experienced increased heart rate and intermittent ischemic chest pain. A coronary angiogram performed on September 11, 2014, revealed high grade stenosis at the distal anastomotic site. Most notably, Plaintiff's angiogram revealed that DR. JAMES

had not connected the LIMA to the LAD, as was the medical purpose of the CABG procedure. Instead, DR. JAMES connected the LIMA to a diagonal artery of the LAD.

9. Plaintiff received follow-up care and obtained secondary opinions from healthcare providers at the Mayo Clinic in Rochester, Minnesota. Plaintiff's subsequent healthcare providers confirmed that her LIMA was indeed grafted to a diagonal artery of the LAD by DR. JAMES on June 13, 2014.

10. At all times material and relevant hereto, and more specifically on June 13, 2014, DR. JAMES had a duty to exercise that degree of medical care and skill applicable to a reasonable and prudent physician in the practice of cardiothoracic surgery and in the performance of CABG surgical procedures.

11. Notwithstanding said duty, and contrary thereto, DR. JAMES violated the standard of care applicable to a reasonable and prudent physician in the practice of cardiothoracic surgery by virtue of one or more of the following negligent and careless acts and/or omissions:

(a) Negligently failed to identify the presence of any diagonal branches of the LAD as improper sites for anastomosis of the LIMA to the LAD;

(b) Negligently failed to identify and expose the LAD in the performance of Plaintiff's CABG procedure;

(c) Negligently failed to prepare a proper site for anastomosis of the LIMA to the LAD in the performance of Plaintiff's CABG procedure;

(d) Negligently failed to perform proper anastomosis of the LIMA to the LAD in the performance of Plaintiff's CABG procedure;

(e) Was otherwise negligent in the performance of Plaintiff's CABG procedure by improperly connecting the LIMA to a diagonal artery of the LAD rather than the LAD itself.

12. That as a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of Defendant, DR. JAMES, Plaintiff has suffered and will continue to suffer arterial coronary injury due to the failed coronary by-pass grafting of the LIMA to the LAD. Plaintiff has been required to submit for additional cardiac evaluations and will continue to remain at risk for a potentially fatal cardiac event into the future, thus incurring substantial expenses for medical care and attention, disability, emotional distress and pain and suffering.

13. Pursuant to 735 ILCS §5/2-622, attached hereto is the affidavit of counsel for Plaintiff stating that he has consulted and reviewed the facts of this case with a practicing, board certified cardiothoracic surgeon who is knowledgeable in the relevant issues and who has demonstrated experience in the subject of coronary artery by-pass grafting, and that said healthcare professional has determined in a written report that there exists a reasonable and meritorious cause for the filing of this action. Pursuant to 735 ILCS §5/2-622, attached hereto is a copy of the healthcare professional's written report setting forth the bases for his beliefs as to the merits of this action.

WHEREFORE, the Plaintiff, DIANA MILETICH, prays this Honorable Court to enter judgment against the Defendant, TIMOTHY JAMES, M.D., in an amount in excess of $75,000 and for her costs in bringing this action.

Respectfully Submitted,

PATRICK F. BRADLEY, LTD.

By: ______________________
/Patrick F. Bradley
Attorney for Plaintiff

PATRICK F. BRADLEY, LTD.
1533 Shermer Road
Northbrook, Illinois 60062
(847) 564-3500
Atty. No. 22071

**AFFIDAVIT OF COUNSEL**
**PURSUANT TO 735 ILCS §5/2-622**

The undersigned, Patrick F. Bradley, attorney for plaintiff in this action, being first duly sworn on oath, states as follows:

1) I have consulted and reviewed the facts of this case with a licensed and registered physician who I reasonably believe: (i) is knowledgeable in the relevant issues involved in this action; (ii) practices in the same area of healthcare or medicine that is at issue in this action; and (iii) is qualified by experience and demonstrated competence in the subject of this case.

2) The reviewing healthcare professional has determined in a written report after a review of the medical records and other relevant material that there is a reasonable and meritorious cause for filing this action against Timothy James, M.D. The healthcare professional's report as to Timothy James, M.D. is attached hereto.

Further Affiant Sayeth Not

____________________________
Patrick F. Bradley

Subscribed and Sworn to this 2 day of ~~April~~ May, 2016.

____________________________
Notary Public

"OFFICIAL SEAL"
LISETTE CASTRO
Notary Public, State of Illinois
My Commission Expires July 15, 2019

**HEALTHCARE PROFESSIONAL REPORT**
**PURSUANT TO 735 ILCS §5/2-622**

The undersigned submits this Healthcare Professional's Report pursuant to 735 ILCS §5/2-622, stating as follows:

I am a physician licensed to practice medicine in all its branches. My specialty is cardiothoracic surgery. I am actively engaged in the practice of medicine and I have extensive experience in the performance of coronary artery by-pass grafting (CABG).

I have been provided and I have reviewed certain medical records and imaging related to Ms. Diana Miletich. These materials include: (1) angiograms performed at Central DuPage Hospital on March 28, 2011; November 20, 2013; April 16, 2014; June 9, 2014 and September 11, 2014; (2) the procedure note for stent placement in the left anterior descending coronary artery November 20, 2013; (3) the procedure note of April 16, 2014; (4) the procedure note of June 13, 2014 (CABG) performed by Dr. Timothy James; (5) office records from Cadence Physician Group and Dr. Timothy James; and (6) Selected records from the Mayo Clinic.

The above-listed records reveal that Ms. Miletich suffered a myocardial infarction in November of 2013 which was revascularized with drug-eluting stent placement to the proximal LAD. She developed in-stent stenosis and received balloon angioplasty in April of 2014 but her chest pain symptoms recurred. Coronary angiogram revealed high grade re-stenosis of the proximal LAD. Single vessel by-pass surgery was performed on June 13, 2014, by Dr. Timothy James (LIMA to LAD). Shortly thereafter, Ms. Miletich redeveloped intermittent ischemic chest pain. Coronary angiogram performed in September of 2014 showed high grade stenosis at the distal anastomotic site. The angiograms revealed that the LIMA was not connected to the LAD but instead to a diagonal artery.

There exists a reasonable and meritorious cause for initiating a legal action against Dr. Timothy James. The standard of care applicable to any cardiac surgeon performing cardiac by-pass surgery (LIMA to LAD) requires the surgeon to identify and expose the LAD, prepare a proper site for anastomosis of the LIMA to the LAD and to perform proper anastomosis. Dr. Timothy James wholly failed in these regards as the LIMA was connected to a diagonal artery and not the LAD. Ms. Miletich continues to suffer ischemic chest pain by reason of the failure of Dr. James to properly perform the by-pass surgery. Thus, she remains at risk for a cardiac event.

Dated: January 11, 2016

Dr. James Avery